UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

DAYRON ROJAS
on behalf of himself and all others similarly situated,

 Plaintiff,

v.

MIAMI MASTER TOWING & RECOVERY INC.,
a Florida Profit Corporation and ANDY FELIZ,
Individually

 Defendants
_____/

## COMPLAINT

COMES NOW, the Plaintiff, DAYRON ROJAS, (hereinafter referred to as "Plaintiff"), on behalf of himself, by and through the undersigned counsel, files this Complaint against Defendants MIAMI MASTER TOWING & RECOVERY INC, a Florida Profit Corporation, (hereinafter referred to as "MIAMI MASTER TOWING") and ANDY FELIZ (hereinafter referred to as "FELIZ") collectively ("DEFENDANTS") and states as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages excluding attorneys' fees or costs for unpaid wages, unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material

times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff was at all times relevant to this action, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a tow truck driver. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant MIAMI MASTER TOWING is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. MIAMI MASTER TOWING has its principal place of business in Miami, Florida. MIAMI MASTER TOWING has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. MIAMI MASTER TOWING is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, MIAMI MASTER TOWING operates and specializes in performing towing services to automobiles.

9. At all times material to this Complaint, MIAMI MASTER TOWING has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials Including, but not limited to the following: wrenches, tow cables, flashlights, batteries,

telephones, paper goods, invoice sheets, office supplies, pens, and other office and tow-related materials. Those goods and/or materials have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. MIAMI MASTER TOWING upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant, FELIZ is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MIAMI MASTER TOWING.

12. Defendant FELIZ acted directly in the interest of his company, MIAMI MASTER TOWING, as the president. Upon all available information, FELIZ controlled the manner in which Plaintiff performed his work and the pay he was to receive.

13. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

16. Specifically, Plaintiff performed work for Defendants as a non-exempt tow truck driver from on or about October 28, 2022, until on or about December 5, 2022.

17. During Plaintiff's employment, Plaintiff was regularly scheduled to work at least twelve (12) hours per day, Monday-Saturday. However, there were weeks when Plaintiff worked on Sundays too.

18. Accordingly, during the course of his employment, Plaintiff regularly worked between 72-84 hours per work week.

19. During Plaintiff's employment Defendants agreed to compensate Plaintiff by paying him 30% of the service fee.

20. Defendants charged $150.00 per car towed. However, there was work assigned to Plaintiff that did not have a fee and for which Plaintiff was not compensated at all. Furthermore, there were days when Plaintiff worked a full shift and did not tow any cars at all.

21. Accordingly, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

22. Furthermore, Defendants made improper deductions from Plaintiff's pay for alleged damages to Defendants' towing truck. As a result of these improper deductions, Plaintiff was not compensated at all for the work performed during at least 3 weeks of his employment with the Defendants.

23. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

24. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

25. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

26. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

27. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME against MIAMI MASTER TOWING

29. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

30. This action is brought by Plaintiff to recover from Defendant MIAMI MASTER TOWING unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Since the commencement of Plaintiff's employment MIAMI MASTER TOWING has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

32. Specifically, throughout his employment Plaintiff worked over forty (40) hours during some of the workweeks in which he was employed but was not compensated at time and half for each hour worked over 40 hours.

33. MIAMI MASTER TOWING is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). MIAMI MASTER TOWING's business activities involve those to which the Fair Labor Standards Act applies.

34. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

35. MIAMI MASTER TOWING has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

36. By reason of the said intentional, willful, and unlawful acts of MIAMI MASTER TOWING Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

37. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

38. As a result of MIAMI MASTER TOWING's willful violations of the Act, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from MIAMI MASTER TOWING.

WHEREFORE, Plaintiff respectfully prays for the following relief against MIAMI MASTER TOWING:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against FELIZ

40. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

41. At the times mentioned, Defendant FELIZ was, and is now, a corporate officer of corporate Defendant, MIAMI MASTER TOWING.

42. FELIZ was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that FELIZ acted directly in the interests of MIAMI MASTER TOWING in relation to its employees including Plaintiff.

43. Specifically, FELIZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

44. FELIZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

45. Defendant FELIZ willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

46. By reason of the said intentional, willful and unlawful acts of FELIZ, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

47. As a result of FELIZ willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against FELIZ:

    A. Adjudge and decree that FELIZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**VIOLATION OF FLSA/MINIMUM WAGES against**
**MIAMI MASTER TOWING**

48. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

49. This action is brought by Plaintiff to recover from MIAMI MASTER TOWING, unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., 29 U.S.C. § 207.

50. At all times during his employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

51. Nevertheless, during the course of Plaintiff's employment with Defendants, Plaintiff was compensated below the minimum wage for certain hours worked for Defendants.

52. During Plaintiff's employment Defendants compensated Plaintiff, by paying 30% of the

service fee for the work he performed on a weekly basis.

53. Accordingly, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

54. MIAMI MASTER TOWING, knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

55. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of a minimum hourly wage when due.

56. By reason of the said intentional, willful and unlawful acts of MIAMI MASTER TOWING, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

57. Plaintiff seeks to recover for unpaid wages accumulated during his employment.

58. Upon information and belief, MIAMI MASTER TOWING, never posted any notice, as required by the Fair Labor Standards Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

59. As a result of MIAMI MASTER TOWING's willful violations of the Act, Plaintiff is entitled to liquidated damages.

60. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from MIAMI MASTER TOWING.

WHEREFORE, Plaintiff respectfully prays for the following relief against MIAMI MASTER

TOWING:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FLSA/MINIMUM WAGES
## against FELIZ

61. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

62. During the course of Plaintiff's employment with Defendants, Plaintiff was compensated below the minimum wage for certain hours worked for Defendants.

63. FELIZ willfully violated §§6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed by Plaintiff during the relevant time period.

64. FELIZ was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that FELIZ acted directly in the interests of MIAMI MASTER TOWING in relation to its employees including Plaintiff.

65. Specifically, FELIZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto. FELIZ also controlled the hours Plaintiff worked, the manner he performed his work, and the pay he was

to receive.

66. FELIZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

67. FELIZ willfully and intentionally refused to properly pay Plaintiff minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

68. By reason of the said intentional, willful and unlawful acts of FELIZ Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

69. As a result of FELIZ willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against FELIZ:

A. Adjudge and decree that FELIZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## **JURY DEMAND**

Plaintiff DAYRON ROJAS demands trial by jury of all issues triable as of right by jury.

Dated: January 10, 2023

        Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

By:/s/ *Jocelyn R. Rocha*
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com